UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff-Respondent,<br><br>      v.<br><br>BENJAMIN RODRIGUEZ,<br><br>            Defendant-Petitioner. | NO: 2:17-CR-0229-TOR-1<br><br>ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 |

BEFORE THE COURT is Defendant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. 2255 (ECF No. 1181). Defendant is proceeding *pro se*. The Court has reviewed the record and files herein, and is fully informed. Because the files and records of the case conclusively show that Defendant is entitled to no relief, the Government was not ordered to respond. *See* 28 U.S.C. § 2255(b). For the reasons discussed below, the Court **denies** the motion to vacate.

## BACKGROUND

On January 10, 2019, Benjamin Rodriguez appeared before the Court and entered a plea of guilty to Counts 1 and 28 of the Superseding Indictment filed on

ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT
SENTENCE UNDER 28 U.S.C. § 2255 ~ 1

April 18, 2018, charging him with Conspiracy to Distribute 500 Grams or More of a Mixture or Substance Containing a Detectable Amount of Methamphetamine, in violation of 21 U.S.C. §§ 841, 846 (Count 1); and being a Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1) (Count 28).  The Defendant was represented by attorney Peter S. Schweda.  On November 20, 2019, Mr. Rodriguez was sentenced to168-months in prison as to Count 1 and 120-months in prison as to Count 28, with both terms to run concurrently.  ECF No. 1103.

In his Plea Agreement, Mr. Rodriguez waived both his right to appeal and to collaterally attack of his conviction and sentence.  ECF No. 705 at 12, ¶ 17.  That provision provides:

> Defendant understands that he has a limited right to appeal or challenge the conviction and sentence imposed by the Court. Defendant hereby expressly waives his right to appeal his conviction, any restitution order, any fine, and the sentence of incarceration the Court imposes. Defendant further expressly waives his right to file any post-conviction motion attacking his conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based upon ineffective assistance of counsel based on information not now known by Defendant and which, in the exercise of due diligence, could not be known by Defendant by the time the Court imposes the sentence.

*Id*.  No direct appeal was filed.

On November 17, 2020, Mr. Rodriguez filed the instant motion to vacate. ECF No. 1181.

ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 ~ 2

# DISCUSSION

## A. Motion to Vacate, Set Aside or Correct Sentence

The Court first considers Mr. Rodriguez's motion pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings. Rule 4 provides that the Court "must promptly examine [the motion]. If it plainly appears . . . that the moving party is not entitled to relief, the judge must dismiss the motion . . ."

A defendant in criminal proceedings has a constitutional right to effective assistance of counsel. U.S. Const. amend. VI. A convicted defendant asserting violation of his constitutional right to effective assistance of counsel must demonstrate the following: (1) "that counsel's representation fell below an objective standard of reasonableness ," and (2) "that there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Kimmelman v. Morrison*, 477 U.S. 365, 374, 375 (1986) (citing *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984)). To satisfy this standard, a defendant must show that counsel's representation was "outside the wide range of professionally competent assistance" and that there is a "probability sufficient to undermine confidence in the outcome." *Hart v. Gomez*, 174 F.3d 1067, 1069 (9th Cir. 1999). "Judicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 at 689.

ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 ~ 3

1    Defendant moves the Court to set aside or correct his conviction based on

2    claims of ineffective assistance of counsel.

3    Here, Mr. Rodriguez is plainly not entitled to relief.

4    **B. Waiver of Rights to Appeal and File Any Post-Conviction Motion**

5    This Court finds Mr. Rodriguez waived his right to file the instant motion.

6    Mr. Rodriguez expressly waived his right to file any post-conviction motion

7    attacking his conviction and sentence, including a motion pursuant to 28 U.S.C. §

8    2255, except one based upon ineffective assistance of counsel based on

9    information not now known by Defendant and which, in the exercise of due

10   diligence, could not be known by Defendant by the time the Court imposes the

11   sentence.  The Court specifically informed Petitioner of this waiver provision at the

12   time of his plea and he acknowledged he understood it.  *See* Fed. R. Crim. P.

13   11(b)(1)(N).

14   Mr. Rodriguez bases his motion on four apparent claims of ineffective

15   assistance of counsel, but his motion provides no evidence or argument showing

16   that this information was not available to him before sentencing.  A defendant's

17   waiver of his rights to appeal and to bring a collateral attack is generally enforced

18   if "(1) the language of the waiver encompasses his right to appeal on the grounds

19   raised, and (2) the waiver is knowingly and voluntarily made." *Davies v. Benov*,

20   856 F.3d 1243, 1246 (9th Cir. 2017) (citation omitted).  The exception to waiver

ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT
SENTENCE UNDER 28 U.S.C. § 2255 ~ 4

1    contained in his plea agreement only includes motions based upon ineffective

2    counsel "based on information *not now known by Defendant and which, in the*

3    *exercise of due diligence, could not be known by Defendant* by the time the Court

4    imposes the sentence."  ECF No. 705 at ¶ 17 (emphasis added).

5        **1.  *Brady* Material**

6        First, Defendant complains that his attorney did not do his job because he

7    did not obtain a co-defendant's free talk report and numerous documents and

8    statements (*Brady* material).  He explains that at the time of sentencing, his

9    attorney stated that the prosecution did not disclose the co-defendant's report.

10        In *Brady v. Maryland*, 373 U.S. 83 (1963), the Supreme Court held that the

11    government violates the Constitution's Due Process Clause "if it withholds

12    evidence that is favorable to the defense and material to the defendant's guilt or

13    punishment."  *Turner v. United States*, 137 S. Ct. 1885, 1888 (2017) (citation

14    omitted).  "[E]vidence is 'material' within the meaning of *Brady* when there is a

15    reasonable probability that, had the evidence been disclosed, the result of the

16    proceeding would have been different."  *Id.* at 1893 (bracket in original, citation

17    omitted).  One does not show a *Brady* violation by demonstrating that some of the

18    inculpatory evidence should have been excluded, but by showing that the favorable

19    evidence could reasonably be taken to put the whole case in such a different light

20    as to undermine confidence in the verdict.  *Kyles v. Whitley*, 514 U.S. 419, 435

ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT
SENTENCE UNDER 28 U.S.C. § 2255 ~ 5

1   (1995).  There is no "difference between exculpatory and impeachment evidence

2   for *Brady* purposes[.]"  *Id*. at 433 (citing *United States v. Bagley*, 473 U.S. 667

3   (1985)).

4        First, Defendant represents that he was aware before the sentencing was

5   concluded that his attorney did not have the co-defendant's report.  Second, and

6   perhaps most importantly, Defendant has not shown or even alleged what the

7   substance of any missing reports would have shown, let alone that they were

8   materially favorable to the defense.

9        **2.  Failure to Obtain all Evidence and Prepare a Proper Defense**

10       Defendant vaguely contends that his attorney did not do his job by trying to

11  obtain all the information and did not prepare a proper defense.  This allegation

12  contains no specific information and does not come close to properly alleging the

13  elements of a violation of the right to effective assistance of counsel.  Defendant

14  was aware of the information his attorney had prior to his guilty plea, therefore he

15  has waived this issue by pleading guilty and by the express terms of his plea

16  agreement.

17       **3.  Illegal Search and Seizure**

18       Defendant contends that the search and seizure of his car violated his

19  Constitutional rights.  However, a guilty plea waives any prior Constitutional

20  violation.  "[A]n unconditional guilty plea, without a Rule 11(a)(2) reservation,

ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT
SENTENCE UNDER 28 U.S.C. § 2255 ~ 6

constitutes a waiver of the right to appeal all nonjurisdictional antecedent rulings, including a motion to suppress." *United States v. Lopez–Armenta*, 400 F.3d 1173, 1175 (9th Cir. 2005) ("[I]t is well-settled that an unconditional guilty plea constitutes a waiver of the right to appeal all nonjurisdictional antecedent rulings and cures all antecedent constitutional defects.") (citing *Tollett v. Henderson*, 411 U.S. 258, 267 (1973)); *see also United States v. Jackson*, 697 F.3d 1141, 1144 (9th Cir. 2012). By entering a valid plea of guilty, Mr. Rodriguez is precluded from raising a claim related to a constitutional deprivation preceding his guilty plea. *See Tollett v. Henderson*, 411 U.S. at 267.

Additionally, Defendant was aware that his attorney did not bring a motion to suppress before his plea and sentencing, thus he has waived this issue by pleading guilty and by the express terms of his plea agreement.

## 4. Videos of Controlled Buys

Defendant contends that his attorney did not look into the videos and audio body camera of the controlled buys. However, Defendant was aware of the evidence against him and chose to plead guilty. An unconditional guilty plea constitutes a waiver of the right to appeal all nonjurisdictional antecedent rulings and cures all antecedent constitutional defects. See *Tollett v. Henderson*, 411 U.S. at 267. This argument has also been waived by Defendant's plea and by the express terms of his plea agreement.

ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 ~ 7

**C. Certificate of Appealability**

A petitioner seeking post-conviction relief may appeal a district court's dismissal of the court's final order in a proceeding under 28 U.S.C. § 2255 only after obtaining a certificate of appealability ("COA") from a district or circuit judge.  28 U.S.C. § 2253(c)(1)(B).  A COA may issue only where the applicant has made "a substantial showing of the denial of a constitutional right."  *See id.* § 2253(c)(2).  To satisfy this standard, the applicant must "show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks and citation omitted).

The Court concludes that Defendant is not entitled to a COA because he has not demonstrated that jurists of reason could disagree with this Court's resolution or conclude the issues presented deserve encouragement to proceed further.

**ACCORDINGLY, IT IS HEREBY ORDERED**:

1. Defendant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (ECF No. 1181) is **DENIED**.

2. The Court further certifies that there is no basis upon which to issue a certificate of appealability and the same is **DENIED**.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 ~ 8

1    The District Court Executive is hereby directed to enter this Order and furnish

2  copies to the parties.  This file and the corresponding civil file (2:20-CV-0423-

3  TOR) shall be **CLOSED**.

4    **DATED** November 30, 2020.



                        THOMAS O. RICE
                     United States District Judge

ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT
SENTENCE UNDER 28 U.S.C. § 2255 ~ 9