UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BENJAMIN RODRIGUEZ,<br><br>Defendant. | NO. 2:17-CR-0229-TOR-1<br><br>ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE |

BEFORE THE COURT is Defendant's Motion for Emergency Motion to Reduce Sentence under the First Step Act (Compassionate Release) 18 U.S.C. § 3582(c)(1)(A). ECF No. 1194. The Government filed its response in opposition. ECF No. 1200. Defendant filed his replies. ECF No. 1208, 1209, 1210, 1211. This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein, the completed briefing, and is fully informed. For the reasons discussed below, Defendant's motion is denied.

ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 1

# BACKGROUND

On January 10, 2019, Benjamin Rodriguez appeared before the Court and entered a plea of guilty to Counts 1 and 28 of the Superseding Indictment filed in the Eastern District of Washington on April 18, 2018, charging him with Conspiracy to Distribute 500 Grams or More of a Mixture or Substance Containing a Detectable Amount of Methamphetamine, in violation of 21 U.S.C. §§ 841, 846 (Count 1); and being a Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1) (Count 28).  ECF Nos. 704, 723.

On November 20, 2019, this Court sentenced Defendant to a 168-month term of imprisonment, followed by a 5-year term of supervised release, and a $100.00 special penalty assessment as to Count 1 and a 120-month term of imprisonment, followed by a 3-year term of supervised release, and a $100.00 special penalty assessment as to Count 28 (to run concurrently).  ECF No. 1103. Defendant had been detained since his arrest on December 13, 2017 and was remanded to the custody of the United States Marshal to begin service of his sentence.  According to the Bureau of Prisons, Defendant is currently scheduled for release on November 19, 2029.

On February 25, 2021, Defendant submitted a request for sentence reduction to the warden of the facility where he is incarcerated, Petersburg FCI.  ECF No.

1194-2. More than 30-days has elapsed since his request and he claims to have not received a response. ECF No. 1194-1.

On April 2, 2021, Defendant filed the instant Motion for Compassionate Release. ECF No. 1194. Defendant requests the Court to reduce his sentence and grant his immediate release. *Id*. at 12. He explains that extraordinary and compelling reasons support such reduction, including: the COVID-19 pandemic; his heart problems, his breathing problems (using a C-Pap), high blood pressure, mental problems, diabetes, and obesity. *Id*. Defendant claims that he is no longer a danger to the community and he should have received a downward departure at sentencing. *Id*. Within his reply, Defendant seeks the appointment of counsel.[1]

The Government opposes Defendant's release, explaining that Defendant has been vaccinated against COVID-19. ECF No. 1200. The Government contends there are no extraordinary and compelling reasons for immediate release and the 18 U.S.C. § 3553(a) factors do not support release either. *Id*.

### DISCUSSION

**A. Eligibility for Compassionate Release**

Federal courts have the statutory authority to modify an imposed term of

---

[1] Defendant is not automatically entitled to appointed counsel for sentence reduction proceedings. Defendant's request is denied.

ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 3

imprisonment for two reasons: compassionate release under 18 U.S.C. § 3582(c)(1) or based on a change in the sentencing guidelines under 18 U.S.C. § 3582(c)(2). Until recently, motions for compassionate release could only be brought to the Court by the Director of the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A) (2002). However, after the December 2018 passage of the First Step Act, defendants may now bring their own motions for compassionate release after exhausting administrative remedies within the Bureau of Prisons or by waiting 30 days after receipt of their request by the warden of defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A) (2018).

A defendant may be eligible for compassionate release: (1) if the Court finds "extraordinary or compelling reasons" to warrant a sentence reduction; or (2) if the defendant is at least 70 years old, has served at least 30 years in prison pursuant to a sentence imposed for the offense for which the defendant is currently imprisoned, and the defendant is determined not to pose a risk of danger to the community. 18 U.S.C. § 3582(c)(1)(A). Under either eligibility prong, the Court must also find that a sentence reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The statute and the Sentencing Guidelines instruct that the Court should consider the sentencing factors set forth in 18 U.S.C. § 3553(a) when deciding a motion for compassionate release. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. The Court

should not grant a sentence reduction if the defendant poses a risk of danger to the community, as defined in the Bail Reform Act.  18 U.S.C. § 3582(c)(1)(A) (as to second prong only); U.S.S.G. § 1B1.13 (as to both the first and second prongs).

The Sentencing Commission's policy statement on sentence reduction mirrors the language of the compassionate release statute, but it has not yet been updated to reflect the procedural changes implemented by the First Step Act. U.S.S.G. § 1B1.13.  "While that particular policy statement has not yet been updated to reflect that defendants (and not just the [Bureau of Prisons ("BOP")]) may move for compassionate release, courts have universally turned to U.S.S.G. § 1B1.13 to provide *guidance* on the 'extraordinary and compelling reasons' that may warrant a sentence reduction." *United States v. McGraw*, No. 2:02-cr-00018-LJM-CMM, 2019 WL 2059488, at *2 (S.D. Ind. May 9, 2019) (gathering cases) (emphasis added).  The sentence reduction policy statement outlines four categories of circumstances that may constitute "extraordinary and compelling reasons" for a sentence reduction: (1) the defendant suffers from a medical condition that is terminal or substantially diminishes the defendant's ability to provide self-care in a correctional environment; (2) the defendant is at least 65 years old, is experiencing a serious deterioration in health due to the aging process, and has served at least 10 years or 75% of his or her term of imprisonment; (3) family circumstances involving the death or incapacitation of the caregiver of the

defendant's minor child or the incapacitation of the defendant's spouse or registered partner; or (4) other reasons, other than or in combination with the other listed circumstances, that are extraordinary and compelling. U.S.S.G. § 1B1.13, cmt. n.1.

Most recently, the Ninth Circuit has held "that the current version of U.S.S.G. §1B1.13 is not an 'applicable policy statement[ ]' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant." *United States v. Aruda*, 993 F.3d 797 (9th Cir. 2021). According to the Ninth Circuit, "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *Id*. Thus, "district courts are empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise." *Id*. (agreeing with and quoting decisions of Second and Fourth Circuits).

**B. Exhaustion or Lapse of 30 days**

Defendant has exhausted his administrative remedies. He submitted a request for compassionate release to the Warden at Petersburg FCI more than 30-days prior to filing his motion and never received a response. The Government concedes that Defendant has exhausted his administrative remedies. ECF No. 1200 at 15.

### C. Extraordinary and Compelling Reasons

Defendant, now age 38, argues that extraordinary and compelling reasons justify a reduction in sentence. Defendant contends that he suffers from physical and mental health issues that warrant his immediate release, without submitting any medical records establishing the severity of his conditions until his reply. ECF Nos. 1208 at 8-34 (records from 2014, 2016 and 2017 only); 1208 at 35 (Jan. 2021 record). The current medical record does not show that Defendant's medical conditions are not being treated or monitored. No acute conditions were noted. Defendant was merely "[a]dvised to focus on taking medications, watching his diet and exercising." ECF No. 1208 at 35. Defendant also contends that he should have received a downward departure at his original sentencing, but that is not a basis for a § 3582(c) resentencing.

The Government argues that Defendant's non-specific medical conditions will exist inside or outside prison and since Defendant is now fully vaccinated, no extraordinary and compelling reason exists to release the Defendant.

Whether Defendant is housed in prison or released, the virus continues to spread throughout the world. Defendant has now been vaccinated. Just because Defendant fears infection in prison does not warrant immediate release into the community, where the virus also continues to spread as well. In this case, there are

no extraordinary and compelling reasons, alone or in combination, for a reduction in sentence.

**D. Factors under 18 U.S.C. § 3553(a)**

Defendant claims that he has demonstrated extraordinary rehabilitation. Claims of rehabilitation are not alone an extraordinary and compelling circumstance for release. *See* 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.").

18 U.S.C. § 3582(c) and the Sentencing Guidelines instruct that the Court should consider the sentencing factors set forth in 18 U.S.C. § 3553(a) when deciding a motion for compassionate release. 18 U.S.C. § 3553(a) provides:

> The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
> (1)  the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2)  the need for the sentence imposed—
>     (A)  to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B)  to afford adequate deterrence to criminal conduct;
>     (C)  to protect the public from further crimes of the defendant; and
>     (D)  to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3)  the kinds of sentences available;
> (4)  the kinds of sentence and the sentencing range established for—
>     (A)  the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—
>         (i)  issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress

ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 8

    (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
    (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or
  (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);
(5) any pertinent policy statement—
  (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
  (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

At the time of the original sentencing, the Court fully considered these factors. At sentencing, Defendant's total offense level was 39 and he had a criminal history category of IV. This directed an advisory guideline range of 360 months to life imprisonment. Considering all the sentencing factors, the Court expressly departed from the advisory range to impose a sentence sufficient but not greater than necessary to comply with the purposes and goals of sentencing.

  Once again, the Court has fully considered these factors in light of the

information Defendant recently provided.  Of particular note is the nature and circumstances of the offense in this case.  This was not a simple, one-time event, Defendant was involved in an extensive methamphetamine drug distribution conspiracy over an extended period of time, at least from September 2016 to December 2017.  This resulted in the distribution of a significant quantity of methamphetamine into the community.  Defendant's direct relevant conduct consisted of distribution of over 8.33 kilograms of actual methamphetamine (ice).  Defendant received a two-level increase to his guideline calculation for possessing 17 firearms (and approximately 6,756 rounds of ammunition) when police executed a search warrant at his storage unit.  Additionally, Defendant received a two-level increase for being an organizer, leader, manager, or supervisor of the conspiracy to distribute methamphetamine.  Moreover, Defendant's extensive prior criminal history including violent crimes, resulted in a criminal history category IV.

The Court is obligated to protect the public from defendant's serious, dangerous and devastating conduct.  The sentence the Court imposed was "sufficient, but not greater than necessary," to comply with the purposes of § 3553(a), including to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense and to afford adequate deterrence to this criminal conduct.  Even with recent developments, the sentence

imposed remains sufficient but not greater than necessary to comply with the purposes of sentencing.

Defendant professes that he "has realized that his judgments has been mistaken and he would not pose a danger to society" if he is immediately released. ECF No. 1194 at 13. Successful rehabilitative activities are commendable, but do not alone warrant early release. 28 U.S.C. § 994(t). Considering the totality of all the facts, compassionate release is unwarranted.

## CONCLUSION

The Court declines to exercise its discretion to reduce Defendant's sentence because extraordinary and compelling reasons do not warrant such a reduction.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendant's Motion for Compassionate Release, ECF No. 1194, is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to the parties.

**DATED** August 9, 2021.



THOMAS O. RICE
United States District Judge

ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 11